**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PEGGY LILLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | GENERAL NO. 17-cv-6805 |
| | ) | **JURY DEMAND** |
| WM. SCHWARTZ & CO., | ) | |
| an Illinois corporation, LEE | ) | |
| SCHWARTZ, individually, and | ) | |
| KEVIN SCHWARTZ, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, PEGGY LILLEY, by and through her attorneys, Diana C.

Taylor of DeSANTO MORGAN & TAYLOR and William J. Provenzano of WILLIAM

PROVENZANO & ASSOCIATES, LTD., who for her Complaint at Law against the

Defendants, WM. SCHWARTZ & CO., an Illinois corporation, LEE SCHWARTZ, individually,

and KEVIN SCHWARTZ, individually, alleges as follows:

### NATURE OF ACTION

1.      The Plaintiff, PEGGY LILLEY, was an employee of the Defendant, WM.

SCHWARTZ & CO., as a customer lines manager and was discharged.

2.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

201 *et. seq.*, Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.,* and Illinois Wage

Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et. seq.*, for unpaid compensation

relating to overtime.

1

## JURISDICTION

3.      Federal jurisdiction arises under the provisions of FLSA, 29 U.S.C. § 201 *et. seq.*, and federal question jurisdiction under 28 U.S.C. § 1331 and § 1343.  The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Pursuant to 29 U.S.C. § 1391, venue lies in the Northern District of Illinois in that Plaintiff is a resident in this District, the Defendants are engaged in a business in this District, and  a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

## PARTIES

5.      At all relevant times, the Plaintiff, PEGGY LILLEY, was a resident of County of Lake, State of Illinois.

6.      At all relevant times, the Defendant, WM. SCHWARTZ & CO., was a corporation organized under the laws of the State of Illinois (hereinafter "SCHWARTZ") with its principal place of business in Libertyville, County of Lake, State of Illinois.  The Defendant is engaged in the sale and provision of insurance.

7.      The Defendant, LEE SCHWARTZ (hereinafter "LEE"), is the Chief Executive Officer of the Defendant, SCHWARTZ.  LEE directed the Plaintiff's work and dictated, controlled and ratified the wage and hour policies and all related employee compensation policies of Plaintiff.

8.      The Defendant, KEVIN SCHWARTZ (hereinafter "KEVIN"), is the President of the Defendant, SCHWARTZ.  KEVIN directed the Plaintiff's work and dictated, controlled and

ratified the wage and hour policies and all related employee compensation policies of Plaintiff.

9.      In or about February 9, 2011, the Plaintiff, PEGGY LILLEY, agreed to become an employee of the Defendants as a customer lines manager.

10.     During the course of her employment as commercial lines manager, the Plaintiff, PEGGY LILLEY's primary duty was customer service.

11.     In exchange for her services as a customer lines manager, the Plaintiff, PEGGY LILLEY, was to be compensated as a salaried employee payable in bi-monthly installments.

12.     At no time from February 9, 2011 until her termination was the Plaintiff, PEGGY LILLEY, paid overtime compensation.

13.     On November 28, 2016, the Plaintiff, PEGGY LILLEY, was terminated from her employment with the Defendants.

14.     The Plaintiff, PEGGY LILLEY, has signed a Consent to Become a Party Plaintiff under the FLSA, a copy of which is attached hereto as Exhibit A.

**COUNT I - Violation of Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.***

15.     The Plaintiff, PEGGY LILLEY, incorporates and adopts paragraphs 1 through 14 as if set forth herein fully as paragraph 15.

16.      At all relevant times, there was in effect in the State of Illinois FLSA, 29 U.S.C. § 2611, *et. seq*.

17.     During the course of employment, the Plaintiff, PEGGY LILLEY, was an "employee" as defined by FLSA.

18.     During the course of employment, the Defendants, SCHWARTZ, LEE, and KEVIN (collectively "Defendants") were "employers" as that term is defined by FLSA.

19.     Defendants are employers in an industry affecting commerce within the meaning

of and subject to FLSA, 29 U.S.C. § 201 *et seq.*

20. At all times relevant, the Defendants classified the Plaintiff, PEGGY LILLEY, as exempt from overtime.

21. The Plaintiff, PEGGY LILLEY, was not exempt from the overtime wage provisions of FLSA, 29 U.S.C. § 207.

22. At all times relevant, the primary duty of Plaintiff, PEGGY LILLEY, was customer service.

23. Plaintiff, PEGGY LILLEY, regularly worked in excess of forty hours in a workweek.

24. At all times relevant, the Defendants acted with a continuous pattern of deliberate or willful violation of the FLSA in that the Defendants, despite complaints from the Plaintiff, failed to compensate the Plaintiff at a rate of pay equal to one and a half times her regular rate of pay for hours worked over forty hours in a workweek. At all relevant times, the Defendants knew or should have known the requirements of FLSA.

25. At all relevant times, the Defendants' acts were not based upon good faith or reasonable grounds.

26. In violation of the Fair Labor Standards Act, the Defendants committed one or more of the following actions:

      a.    failed to compensate the Plaintiff for overtime hours worked;

      b.    failed to compensate that Plaintiff at time and one-half for hours worked in excess of forty fours per workweek; and

      c.    were otherwise in violation of the Fair Labor Standards Act.

4

27.     As a result of the violations of the Defendants, the Plaintiff, PEGGY LILLEY,

has sustained the following and ongoing damages:

      a.     Loss of overtime wages for a period of three years prior to
             the filing of this complaint;

      b.     Prejudgment interest as to the total amount of unpaid
             overtime compensation;

      c.     liquidated damages;

      d.     Attorneys' fees and costs for the prosecution of this action
             and ongoing; and

      e.     other losses to be determined.

WHEREFORE, the Plaintiff, PEGGY LILLEY, prays for judgment against the

Defendants, WM. SCHWARTZ & CO., an Illinois corporation, LEE SCHWARTZ, individually,

and KEVIN SCHWARTZ, individually, plus her costs of suit, statutory penalties, and attorneys'

fees.

**COUNT II - Violation of Illinois Minimum Wage Law, 820 ILCS, 105/1, *et. seq.***

28.     The Plaintiff, PEGGY LILLEY, incorporates and adopts paragraphs 1 through 27

as if set forth herein fully as paragraph 28.

29.     At all relevant times, there was in effect the Illinois Minimum Wage Law, 820

ILCS 105/1, *et. seq.*

30.     During the course of employment, the Plaintiff, PEGGY LILLEY, was an

"employee" as defined by 820 ILCS 105/1, *et. seq.*

31.     During the course of employment, the Defendants, SCHWARTZ, LEE, and

KEVIN (collectively "Defendants")  were "employers" as that term is defined by 820 ILCS

105/3.

32.     Since January 1, 2011, pursuant to Section 4 of IMWL, an employee shall not be compensated at an hourly rate of pay less than $8.25 per hour.

33.     Pursuant to Section 4a of IMWL, "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

34.     At all times relevant, the Plaintiff was not exempt from the provisions of the Minimum Wage Law, including the overtime provisions.

35.     In violation of the IMWL, the Defendants committed one or more of the following actions:

    a.      failed to compensate the Plaintiff for overtime hours worked;

    b.      failed to compensate that Plaintiff at time and one-half for hours worked in excess of forty fours per workweek; and

    c.      Was otherwise in violation of the IMWL.

36.     Pursuant to Section 12 of IMWL, if an employee is paid less than the wage he is entitled, he "may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid."

    WHEREFORE, the Plaintiff, PEGGY LILLEY, prays for judgment against the Defendants, WM. SCHWARTZ & CO., an Illinois corporation. LEE SCHWARTZ, individually, and KEVIN SCHWARTZ, individually, plus her costs of suit, statutory penalties, and attorneys' fees.

6

**COUNT III - Violation of Wage Payment and Collection Act, 820 ILCS, 115/1, *et. seq.***

37.     The Plaintiff, PEGGY LILLEY, incorporates and adopts paragraphs 1 through 36 as if set forth herein fully as paragraph 37.

38.     At all relevant times, there was in effect in the State of Illinois the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et. seq.*

39.     During the course of employment, the Plaintiff, PEGGY LILLEY, was an "employee" as defined by 820 ILCS 115/1, *et. seq.*

40.     During the course of employment, the Defendants, SCHWARTZ, LEE, and KEVIN (collectively "Defendants"), were "employers" as that term is defined by 820 ILCS 115/2.

41.     At all times relevant, the Plaintiff was not exempt from the overtime provisions of the Minimum Wage Law or Wage Payment and Collection Act.

42.     Pursuant to Section 2 of IWPCA, any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties is defined as "wages."  Wages includes compensation for all hours worked for properly classified employees.

43.     In violation of the IWPCA, the Defendants committed one or more of the following actions:

        a.     failed to compensate the Plaintiff for all hours worked;

        b.     failed to compensate the Plaintiff for all hours worked as a non-exempt employee;

        c.     failed to compensate the Plaintiff for overtime hours worked;

        d.     failed to compensate that Plaintiff at time and one-half for hours worked in excess of forty fours per workweek; and

      e.      Was otherwise in violation of the IWPCA.

44.      Pursuant to Section 13 of the IWPCA, "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employer of the employees of the corporation."

45.      Pursuant to Section 14 of the Wage Payment and Collection Act:

> Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover … the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.  In a civil action, such employee shall also recover costs and all reasonable attorney's fees.

WHEREFORE, the Plaintiff, PEGGY LILLEY, prays for judgment against the Defendants, WM. SCHWARTZ & CO., an Illinois corporation, LEE SCHWARTZ, individually, and KEVIN SCHWARTZ, individually, plus her costs of suit, statutory penalties, and attorneys' fees.

## JURY DEMAND

A Jury Trial is requested on all claims triable by a jury.

Respectfully Submitted,

_____
Diana C. Taylor
Attorney for the Plaintiff

DIANA C. TAYLOR (4994471)
DeSanto Morgan & Taylor (326374)
712 Florsheim Drive
Libertyville, Illinois 60048
(847) 816-8100
dtaylor@dmtlawgroup.com

William J. Provenzano (2259451)
William J. Provenzano and Associates, Ltd.
1580 S. Milwaukee Avenue, Suite 520
Libertyville, Illinois 60048
(847) 816-6588

9

**CONSENT TO BECOME A PARTY PLAINTIFF
UNDER THE FAIR LABOR STANDARDS ACT**

Peggy Lilley ("Plaintiff") submits this Written Consent to Become a Party Plaintiff in an Action under the Fair Labor Standards Act. Peggy Lilley consents to becoming a party plaintiff in an action against Defendants Wm. Schwartz & Co., Lee Schwartz, individually, and Kevin Schwartz, individually, under the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., and state statutes because of Defendants' unlawful employment practices.

Dated: _9 - 13 - 2017_

_Peggy Lilley_
Peggy Lilley, Plaintiff

EXHIBIT A

9